UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-1429 (PLF) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

This Freedom of Information Act case is before the Court on plaintiff's motion for summary judgment and on defendant's motion for scheduling orders for the processing and release of records and the briefing of legal issues. After careful consideration of the parties' papers, the Court will deny both motions and will enter a scheduling order as described below.

Plaintiff, Natural Resources Defense Council ("NRDC"), is a non-profit environmental and public health organization. See Complaint ("Compl.") ¶ 5. On July 17, 2008, NRDC submitted a FOIA request to the United States Environmental Protection Agency ("EPA") for records regarding the use of the pesticide clothianidin on crops in the United States, EPA's evaluation of the safety of the pesticide on bees, studies submitted by chemical manufacturers relating to the toxicity of the pesticide to bees, and communications with other federal or foreign agencies regarding environmental risks posed by the pesticide. See Compl. ¶ 7. NRDC also sought a public interest fee waiver in connection with its FOIA request. See Compl. ¶ 10. Having received no substantive response from the EPA, plaintiff filed suit in this Court.

Plaintiff promptly filed a motion for summary judgment arguing that (1) it was entitled to a public interest fee waiver; and (2) the Court should grant judgment against the EPA, because the EPA did not make a final determination on plaintiff's FOIA request within the statutory period of 20 business days. See 5 U.S.C. § 552(a)(6)(A)(I). The EPA granted NRDC a fee waiver a few weeks later. See Defendant's Motion for Scheduling Orders for Processing and Release of Records and Briefing of Legal Issues at 3. Plaintiff agrees that its motion for summary judgment is now moot as to the fee waiver. See NRDC's Partial Opposition to EPA's Motion for Scheduling Order at 1.

Plaintiff's summary judgment motion is ripe as to plaintiff's request that judgment be issued against the EPA for failing to make a timely final determination. Defendant argues that its untimely response does not support granting summary judgment. If an agency does not respond to a FOIA request within 20 days, the requestor is deemed to have exhausted the administrative remedies and may immediately pursue judicial review, see Flowers v. IRS, 307 F. Supp. 2d 60, 66-67 (D.D.C. 2004) (citing 5 U.S.C. § 552(a)(6)(C)), but an immediate award of judgment typically is considered premature. Plaintiff has cited no legal authority to the contrary. Plaintiff's motion for summary judgment as to defendant's production obligations will be denied without prejudice.

Also before the Court is defendant's motion for a scheduling order. Based on the time line proposed in the EPA's motion, the EPA should have completed its production of responsive, nonexempt records on May 1, 2009. For documents to which the EPA believes a FOIA exemption may apply, the EPA proposes that rather than create a Vaughn Index, it provide

plaintiff with a "Withholding List."[1]  The Withholding List would not necessarily comply with the requirements of a Vaughn Index, but would include a brief description of the subject matter and specify which, if any, of the records are suspected to contain confidential business information ("CBI").  Under the EPA's regulations, if a document submitted by a third party appears to contain CBI, the EPA is required to conduct a confidentiality analysis and alert the business that the record is under review.  See 40 C.F.R. §§ 2.204(a)(1); 2.204(d); 2.204(e).  The EPA proposes that within 30 days of receiving the Withholding List, plaintiff inform the EPA whether it intends to pursue the production of any withheld records, and that plaintiff separately identify which of those are among the records suspected to contain CBI.  Only then does the EPA propose that it begin the confidentiality review required of suspected CBI documents.

Plaintiff strenuously objects to the EPA's proposed schedule, arguing that both the creation of the Withholding List and the EPA's separate designation of claimed CBI information unduly shifts the agency's production burdens to the plaintiff and delays the schedule for ultimate production and/or litigation.  The Court agrees.  Although it is preferable for FOIA litigants to

---

[1]  Under the FOIA, an agency may withhold documents responsive to a FOIA request only if the responsive documents fall within one of nine enumerated statutory exemptions.  See 5 U.S.C. § 552(b); see also Dep't of Defense v. Fed. Labor Relations Auth., 510 U.S. 487, 494 (1994).  The agency bears the burden of justifying any withholding.  See Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 74 (2007).  To enable the Court to determine whether documents properly were withheld, the agency must provide a detailed description of the information withheld through the submission of a so-called "Vaughn Index," sufficiently detailed affidavits or declarations, or both.  Id.; see also Oglesby v. Dep't of the Army, 79 F.3d 1172, 1178 (D.C. Cir. 1996); Vaughn v. Rosen, 484 F.2d 820, 827-28 (D.C. Cir. 1973).  The Vaughn Index and/or accompanying affidavits or declarations must "provide[] a relatively detailed justification, specifically identif[y] the reasons why a particular exemption is relevant and correlat[e] those claims with the particular part of a withheld document to which they apply."  Judicial Watch, Inc. v. FDA, 449 F.3d 141, 146 (D.C. Cir. 2006) (quoting Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977)).

work out a production schedule among themselves, plaintiff is under no obligation to agree to a schedule other than what would typically be legally required — namely (1) the agency's creation and production of a Vaughn Index simultaneously with its production of nonexempt records, and (2) the prompt processing of documents suspected to contain CBI — simply because the agency finds that its obligations under the FOIA are great.  See Multi AG Media LLC v. Dep't of Agric., 515 F.3d 1224, 1227 (D.C. Cir. 2008) (the agency has the burden to justify any withholdings under the FOIA); 40 C.F.R. 2.204(a) ("Action *shall* be taken under this section whenever an EPA office . . . learns that it is responsible for responding to a request under 5 U.S.C. § 552 for the release of business information. . .") (emphasis added).  Defendant must promptly produce a legally sufficient Vaughn Index, which includes the claimed CBI documents.[2]

        The EPA also requests a prolonged summary judgment briefing schedule, but does not explain why such a schedule is necessary.  Without agreement by the parties or some showing of necessity, the Court will not order a briefing schedule so substantially in excess of that provided for in the Local Civil Rules.  See L. Cv. R. 7.  The Court will adopt plaintiff's suggested time line — after the EPA completes its document production and Vaughn Index, the parties should each have 21 days for its motion and its opposition papers, and 14 days to reply.

---

[2]    The deadlines proposed by plaintiff for production have passed, making academic the question of whether EPA's proposed extension of time for initial review of the documents is too lengthy.  Based on its own proposed schedule, EPA should have completed review of the documents by now and should be able to provide plaintiff with a Vaughn Index promptly, if it has not already done so.

An Order consistent with this Memorandum Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 23, 2009